The judgment of the conrt was pronounced by
Eustis, C. J.
The Bank of Louisiana obtained an order of seizure and sale against a certain tract of land and slaves, on a bond and mortgage executed by the plaintiff and her husband in favor of the bank; the proceedings were enjoined at the instance of the wife on the ,6th October, .1843. A judgment was rendered by the court in May, 1844, in favor of the plaintiff in injunction; which judgment was afterwards set aside on application of the defendant for a new trial. In June, 1848, the case was submitted to a jury, who, not being able to agree on a verdict was discharged. It was submitted to another jury in 1849, who found a verdict, for the plaintiff. The district judge refused to grant a new trial, being of opinion that justice to the parties required that there should be an end to this litigation, and rendered judgment according to the verdict, in order thatthe case might be taken to this court for final adjustment, he being, at the same time, of opinion that the verdict was not in conformity with law and evidence. From this judgment the bank has taken an appeal.
The first objection taken to the validity of the executory proceedings, is that there was no authentic evidence of a demand for the payment of the bond at -the place where it was made payable, nor any allegation to that effect; and the case of Morse v. Burns, 12 L. R. 915, is referred to as sustaining the objection. That case was of a promissory note payable at a particular place, and, we think, that the doctrine in that case has been virtually overruled, by the case recently decided in this court of Ripka v. Pope. The instrument on which the executory proceedings are based, is not a promissory note; it is an obligation to pay back money loaned with interest, and is made payable at the bank itself. The next objection is, that the bank received two notes from the plaintiff, which ought to have been credited on the loan or accounted for by the bank. We think, with the district judge, that it is not satisfactorily proved that the bank ever received these notes, or that they were ever intended to be appropriated to the plaintiffs’ loan. An objection is taken to the right of the bank to proceed against the land, on the ground that the plaintiff had sold it to one Aninas Dunbar, who had ceded it to his creditors ; and that the bank had waived their mortgage on this land, and claimed the proceeds in the insolvent proceedings, the land having been sold by the syndic at the sale of the insolvent estate. This objection we concur with the district judge in considering not supported by evidence; and it may not be out of place here to observe, that the plaintiff having sold the land, the question of the existence of the mortgage upon it might have been with propriety left with the owner of it. This matter afforded no ground whatever for restraining the proceedings with regard to the slaves, which would appear to have been ample security for the debt to the bank.
The objections taken to the validity of the plaintiff’s obligation on account of her being a married woman, are without any foundation whatever. The Bank of Louisiana v. Farrar, 1st Ann. 49.
The judgment of the district court is therefore reversed, the injunction dissolved, and the plaintiff’s petition dismissed, w^h costs in both courts.